(May 22, 1990)

■ TAPSCOTT FOOD CORP. et al., Appellants-Respondents, v LINCOLN INSURANCE COMPANY et al., Respondents, and ENNIA INSURANCE COMPANY et al., Respondents-Appellants. TAPSCOTT FOOD CORP. et al., Appellants-Respondents, v DOVER INSURANCE COMPANY et al., Respondents, and EXCESS INSURANCE COMPANY, Respondent-Appellant.—Judgment and order, Supreme Court, New York County (Andrew Tyler, J.), entered on or about April 3, 1989, and entered on April 12, 1989, respectively, which, *inter alia,* dismissed the complaints as against defendants Ennia Insurance Company (U.K. Ltd.), Pine Top Insurance Company, Ltd., Munich American Reinsurance Company and Excess Insurance Company, are unanimously affirmed. Judgment of the same court, entered on or about September 28, 1988, which dismissed the complaint against defendants Jefferson Insurance Company and Underwriters at Lloyds' of London, unanimously affirmed. Appeal from order of the same court, entered on or about February 24, 1988, is dismissed as subsumed in the appeal from the judgment entered September 28, 1988, all without costs.

In this consolidated action plaintiffs seek recovery for fire loss from defendant insurers. On July 11, 1978, the plaintiffs' premises suffered a fire, and shortly thereafter they submitted claims for the loss. Defendants refused to pay, based upon, *inter alia,* prior cancellation.

Defendants subsequently moved for summary judgment on the grounds of, *inter alia,* prior cancellation, and plaintiffs opposed. The motions for summary judgment were all eventually granted due to the policies having previously been can-

celed. Plaintiffs now appeal. Defendants Ennia, Pinetop and Excess cross-appeal.

We are of the view that the IAS court correctly granted summary judgment to the various defendants.

Plaintiffs' complaint contains a specific statement that it received defendant Jefferson's policy No. 532973. In fact, the receipt of that policy was not in issue. The policy on which plaintiffs rely for their argument, No. 747649, is not at issue here; thus, the contents of its declaration page are of no import. We accordingly reject plaintiffs' argument of nonreceipt, since they have failed to even raise the contention of nonreceipt of the relevant policy, which in fact contained the disputed cancellation clause.

In addition, defendants have shown that notice was served on Tapscott, pursuant to the terms of policy No. 532973, on June 22, 1978, which was signed for on June 24, and became effective July 3, 1978. The language contained therein followed that of section 167-a of the Insurance Law. Thus, the insured had until July 7, 1978 to cure. It did not and cancellation properly took effect July 7, 1978, prior to the fire which gave rise to the claims in dispute herein.

We have considered the remainder of the appellants' and cross appellants' claims and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.