Williams v New York Prop. Ins. Underwriting Assn. (2020 NY Slip Op 02719)





Williams v New York Prop. Ins. Underwriting Assn.


2020 NY Slip Op 02719


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11481 151083/14

[*1] Edward Williams, Plaintiff-Appellant,
v
New York Property Insurance Underwriting Association, Defendant-Respondent, Lloyd Dunkley, individually, and doing business as A L Dunkley Insurance, Defendant.


Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Constantino P. Suriano of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered May 23, 2019, which granted the motion of defendant New York Property Insurance Underwriting Association (NYPIUA) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
NYPIUA, created by statute, is required to adhere to its plan of operation (Insurance Law § 5402[d]). The plan of operation specifically states that, "[a]ny person who, after reasonable notice, has not provided access to the insured property for inspection," is not eligible for coverage.
NYPIUA's submissions on summary judgment, which included, inter alia, the plan of operation, the deposition testimony of NYPIUA's underwriting supervisor, her affidavit, and the affidavit of an investigator assigned to inspect plaintiff's premises, were sufficient to justify finding in its favor, as a matter of law. The evidence showed that notice of cancellation was made after two failed attempts to inspect the insured premises.
Plaintiff's bare denial of receipt of the cancellation notice, standing alone, did not overcome the presumption of proper mailing (Matter of Hernandez v New York City Hous. Auth., 129 AD3d 446, 446 [1st Dept 2015]), particularly in light of an email forwarded to NYPIUA soon after the notice of cancellation was sent, which indicated that the cancellation notice had been received by the plaintiff's producer.
Thus, we find that Supreme Court correctly determined that NYPIUA was entitled to judgment as a matter of law (see Tapscott Food Corp. v Lincoln Ins. Co., 161 AD2d 451 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK